SKOOK (NORTHRUP v.). See Case No. 10,-329.

SKOOK (WELLS, FARGO & CO. v.). See Case No. 17,406.

## Case No. 12,927.

### SKRINE v. The HOPE.

[Bee, 2.] [1]

District Court, S. D. Carolina. Aug. 29, 1793.

Shipping—Master—Hypothecation—Sale—Condemnation and Sale.

Owners of ships would be exposed to great and unjust loss, if much circumspection were not used previously to the condemnation and sale of their property. The master of a ship may hypothecate under certain circumstances; but cannot sell the ship.

[Cited in Tunno v. The Betsina, Case No. 14,236; The Annie H. Smith, Id. 420; Coyne v. Caplis, 8 Fed. 640.]

BEE, District Judge. The libellant, as part owner of this sloop, prays the court to decree a sale thereof, in order to have a division of the property. The libel charges that on the 7th July, 1791, the libellant purchased one half of this vessel from one Snetzar, who was then owner of the whole; that said Snetzar, on the 24th of December, 1792, made a fictitious sale of the sloop to Pitcher; who afterwards relinquished his purchase; that Snetzar induced two of the seamen belonging to the vessel to make a claim of wages, and to procure a sale of the sloop in Georgia, to William Tyler for £50, which sum was paid to Judson, who was, or pretended to be, a constable acting under legal authority. Libellant prays a sale as above, and also that he may be paid out of the proceeds what may appear due to him on account of the vessel. The answer of Tyler, who now claims the sloop, states that he bought her at public auction of the sheriff of Camden county in Georgia. That he paid a valuable consideration, and did not then know of any claim of said Skrine. Snetzar's answer was

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

22 FED. CAS.—20

in court, but the proctor for the actor objected to it; and it was agreed that he should be examined viva voce. He was reluctant in answering particular questions, and prevaricated much. In some points he was directly contradicted by Magwood, the agent employed by Skrine and himself to draw a proper bill of sale. This witness saw Skrine pay the money, and receive formal possession. The sale in Georgia is also proved; by which it appears that Tyler also was a fair purchaser for valuable consideration. There was no evidence to shew that Skrine had forbidden the sale openly; though he had given notice of his claim to the constable who advertised the sloop for sale.

No proof was adduced of the proceedings of the court in Georgia, under which the vessel was said to be sold. The defendant's proctor rested his defence entirely on a defect of title in Skrine, arising from the eleventh section of the act of congress of 1st September, 1789 [1 Stat. 58], for registering and clearing vessels, &c. The intention of this was to relieve American owners of vessels from the duties on tonnage; but this advantage could not be claimed, unless they complied with certain regulations. Of these the regulation contained in the eleventh clause is one. It declares what transfers or sales shall be void, and that vessels so transferred or sold shall not be entitled to the advantages secured to vessels of the United States. But it is unnecessary to observe further upon this law, as it was repealed (with a few exceptions not relative to this case) by act of congress of 31st December, 1792 [1 Stat. 287], and 18th February, 1793 [Id. 305]. The fourteenth clause of the act of December, 1792, which was substituted for the eleventh clause of the act of 1789, shews what the framers of that law meant, and completely destroys the ground of defence principally relied on.

Proof of condemnation in a court of competent jurisdiction in Georgia might have vested a legal title in Tyler, who purchased for a valuable consideration, and have set aside the right of the libellant to his moiety. But no such proof has been produced. Great circumspection must be observed in all that relates to the condemnation and sale of vessels; for, otherwise, owners would hold their property by a very precarious tenure. Hence the master of a ship, though possessed of extensive powers, cannot sell the ship. His contracts with seamen must, if necessary, be fulfilled by hypothecation of the vessel to raise money, if other means fail; and supplies in a foreign port will justify a similar step; but they cannot wholly divest the owner of his property.

In this case, I am satisfied of Skrine's right, and therefore decree the sale prayed for in his libel; so far as to effect a division. As to profits, they do not appear to have been great, and there have been expenses which may be set against them. Tyler, the pres-

ent proprietor, appears to the court in a fair point of view. And, indeed, I have doubts of my power in a court of admiralty, to assess damages, or investigate these accounts. Let the sloop Hope be sold by the marshal of this court after due notice of fifteen days in one of the gazettes. After payment of the expenses of this suit, let one half of the net proceeds be paid to the libellant, and the other half to Tyler, one of the defendants.